UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACQUELINE N. PADILLA,

Plaintiff,

vs.                                                                                              Civ. No. 04-916 WJ/DJS

WEST LAS VEGAS INDEPENDENT SCHOOL DISTRICT,
WALTER ADAMS, in his individual capacity,
AMBROSE CASTELLANO, in his individual capacity,
PATRICK MARQUEZ, in his individual capacity,
RALPH GARCIA, in his individual capacity,
MICHAEL VIGIL, in his individual capacity,
ARTURO GURULE, in his individual capacity, and
FRANK ARGUELLO, in his individual capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT
and
ORDER LIFTING STAY**

THIS MATTER comes before the Court upon a Motion to Dismiss, filed on December 5, 2005 by Defendants Arguello, Vigil, Garcia, Marquez, Castellano and Adams (**Doc. 57**).[1] In this civil rights case, Plaintiff is suing Defendants for illegal harassment, retaliation and termination of employment.

**Background**

Plaintiff Jacqueline Padilla ("Padilla") is the former Director of the West Las Vegas School District ("WLVSD"). She claims that immediately after she discovered and reported

---

[1] Defendant Gurule, who is school superintendent, is not a party to this motion.

corruption and program deficiencies in the Head Start program, she was the target of harassment and retaliation by Defendants, resulting in her termination. The complaint alleges violations of Title VII based on gender discrimination; retaliation under the First Amendment for engaging in protected speech; a free association claim under the First Amendment; and an Equal Protection claim under the Fourteenth Amendment.

The Court recently denied Defendants' motion to dismiss claims of civil conspiracy under § 1983 as to Defendant Arguello, and found that Defendant Arguello was not entitled to qualified immunity on that claim.[2]  Doc. 64.  In ruling on Defendants' summary judgment motion, the Court dismissed Plaintiff's Equal Protection claim, but allowed the First Amendment claim of retaliation for engaging in protected speech to proceed to trial.  Doc. 67.

**Legal Standard**

In the instant motion, Defendants raise a qualified immunity defense.  They seek the dismissal of Plaintiff's First Amendment claim based on right of association, contending that Plaintiff has not stated a political association violation, and that the law is not clearly established that Plaintiff can bring this claim under the alleged facts.

*1.     Qualified Immunity*

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v.

---

[2]  The motion initially addressed all Defendants except for Arguello. In their reply to that motion, Defendants withdrew the motion for dismissal as to the board members, leaving only Defendant Arguello who was President of the Head Start Parent Policy Council as the subject of the motion.

Fitzgerald, 457 U.S. 800, 818 (1982); see also Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir.1988). The threshold inquiry is whether the complaint states a constitutional claim. Siegert v. Gilley, 500 U.S. 226, 231 (1991).  Once a defendant pleads qualified immunity, the burden shifts to the plaintiff "to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Losavio, 847 F.2d at 646.  A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of pre-existing law.  Beedle v. Wilson, 422 F.3d 1059 (10th Cir. 2005) (citation omitted).  This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law." Id.

When raised in a motion to dismiss, of course, a court's review of the qualified immunity defense is limited to the pleadings and the court must "construe the allegations in the complaint and any reasonable inferences to be drawn from them in favor of [the] plaintiff." Dill v. City of Edmond, 155 F.3d 1193, 1203 (10th Cir.1998).

*2.    Heightened Pleading Standard*

Plaintiffs note that the complaint is not required to comply with the heightened pleading standard, which has been rejected by the Tenth Circuit in Currier v. Doran, 242 F.3d 905, 911 (10th Cir.), cert. denied, 122 S.Ct. 543 (2000), following the United States Supreme Court's decision in Crawford-El. v. Britton, 523 U.S. 574 (1998).  However, the Tenth Circuit observed that the Crawford-El Court recognized a trial judge's discretion to require a plaintiff to plead

3

"specific, nonconclusory factual allegations" to survive a prediscovery motion for dismissal. Currier, 242 F.3d at 916 (quoting Crawford-El, 523 U.S. at 598).

The district court in Currier had imposed a stay on discovery and noted that ". . . it would not be fair to require the Plaintiffs to assert more facts than they have been able to allege at this point." See Currier, 242 F.3d at 916-17. The Tenth Circuit therefore reviewed defendants' motions under the "customary motion to dismiss standard" where a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

In this case as well, a stay on discovery has been entered pending my ruling on the motions which have raised the qualified immunity defense. Doc. 48. Thus, the sufficiency of Plaintiff's complaint will be limited to the customary standards under Fed.R.Civ. P.12(b)(6), and must still comply with the requirements of Fed.R.Civ.P. 8(a) in setting forth a "short and plain statement of the claim showing that the pleader is entitled to relief."

*3.    Conversion to Summary Judgment*

As Defendant correctly notes, Plaintiff has converted the motion to dismiss to a motion for summary judgment by attaching deposition excerpts as exhibits to the response. Hall v. Bellmon, 935 F.2d 1106, 1110-11 (10th Cir. 1991), cited in Lucero v. Gunter, 52 F.3d 874, 877 (10th Cir. 1995) (motion to dismiss pursuant to Rule 12(b)(6) is treated as a motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity to respond as provided in Rule 56). Defendants can be considered to have had notice of the conversion (see, Reply at 3 n.3). They have responded to these deposition materials in the reply, but have opted not to provide their own materials outside

the pleadings. Therefore, the Court may consider Plaintiff's exhibits in ruling on this motion.

## Discussion

Plaintiff alleges that Defendants discriminated and retaliated against her because of her association with Barbara Perea Casey ("Casey"), who had recommended hiring Plaintiff to the school board, but was not superintendent at the time Plaintiff was terminated, and with other women employees who did not belong to Defendants' political faction.

### I.    First Amendment Protection Regarding Free Association Claims

The Supreme Court recognizes two types of association protected by the First Amendment: (1) the right to enter into and maintain certain intimate human relationships, and (2) the right to associate for purpose of engaging in those activities protected by First Amendment -- speech, assembly, petition for the redress of grievances, and the exercise of religion. Schalk v. Gallemore, 906 F.2d 491, 498 (10th Cir.1990) (citing Roberts v. United States Jaycees, 468 U.S. 609, 617-18 (1984)).

In her response, Plaintiff states that she is not claiming that Defendants violated her right to engage in intimate relationships. Thus, the issue is whether Plaintiff has sufficiently alleged a violation of the second type of free association claim, one that is based on political association or affiliation.

The First Amendment protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance. Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1451 (10th Cir.1997). An employee can establish a violation of her association rights if she demonstrates that (1) her political affiliation and/or beliefs were substantial or motivating factors behind her dismissal; and (2) her position did not require

political allegiance.  Jantzen v. Hawkins, 188 F.3d 1247, 1251 (10th Cir.1999);

## II.	Whether Plaintiff Sufficiently Alleges a Claim

In her response, Plaintiff contends that Defendants terminated her because they wanted to punish her for associating with Superintendent Casey's efforts to report the illegal activities engaged in by the Head Start program, and also because Plaintiff chose not to associate with Defendants as part of their political faction, choosing instead to associated with women teachers and administrators in the school district who were independent of Defendants' faction, and opposed to what Plaintiff alleges to be practices of patronage and nepotism.

The complaint contains several references which correspond to allegations of a political association claim.  In ¶ 1, Plaintiff alleges that Defendants discriminated against her "because she is not part of the political faction that controls the WLVSD School Board and chose to associate with then-Superintendent Barbara Casey. . . ."  ("Casey"). In ¶ 40, Plaintiff asserts that Defendants' conduct, which culminated in her termination, "constituted retaliation against Plaintiff for not being part of Defendants' political faction and for choosing to associate with other female WLVSD administrators in violation of her First Amendment right to associate."

Plaintiff also alleges in the complaint that Casey assisted her in her efforts bring the Head Start program into compliance with federal requirements (¶ 18), that she faced resistance to her efforts by board members and individuals who were "closely connected" to board members or "who had a history of using [board members] to intimidate others." ¶¶ 19, 23.

Defendants characterize Plaintiff's alliance with Casey and other women who politically opposed as an "emotional bond" between public employees, in order to arrive at the conclusion that Plaintiff's free association claim is not constitutionally protected.  See, Copp v. Unified

6

School Dist. No. 501, 882 F.2d 1547, 1551 (10th Cir. 1989) (right to associate does not include emotional bonds between public employees) (citing Grossart v. Dinaso, 758 F.2d 1221, 1232 n. 16 (7th Cir.1985)).  However, Defendants' description of Plaintiff's relationship with these other women as merely an "emotional bond" cannot be reconciled with the allegations in the complaint or with the deposition testimony in the attached exhibits.  Plaintiff's association with these individuals, including Barbara Casey, was based on a common effort to expose, report and correct what they believed were illegal practices by Defendants' regarding the Head Start program – for example, Defendants were allegedly not advertising for positions as required, and were filling these positions with relatives.  Pltff's Ex. 1 at 123; Ex. 2 at 184.

Defendants also argue that Plaintiff's allegations do not constitute a free association claim because Plaintiff was not involved in the school board election, nor did she campaign for any board candidate.  Pltff's Ex. 1 at 126:9-14.  The scope of protection for free association afforded by the First Amendment is somewhat broader than what Defendants envision. The freedom to associate is not limited to formal political purposes, but rather extends also to other purposes such as group assertion of mutual economic or legal interests or group associations for social purposes. See, e.g., N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886 (1982), reh'g denied, 459 U.S. 898 (1982) (upholding the right of boycott organizers to associate together to get merchants to change their racially discriminatory policies); Morfin v.  Albuquerque Public Schools, 906 F.2d 1434 (10th Cir. 1990) (recognizing union participation as the kind of political association which is protected from retaliation and undue restriction even absent a finding of public concern (citing Smith v. Arkansas State Highway Employees, 441 U.S. 463, 465 (1979)).  The United States Supreme Court stated in Griswold v. Connecticut, 381 U.S. 479 (1965):

> The right of "association," like the right of "belief," is more than the right to attend a meeting; it includes the right to express one's attitudes or philosophies by membership in a group or by affiliation with it or by other lawful means; association in that context is a form of expression of opinion; and while it is not expressly included in the First Amendment its existence is necessary in making express guarantees fully meaningful.

381 U.S. at 484.

Plaintiff alleges that Defendants retaliated against her for her activities in exposing and reporting what she believed to be a misuse of public funds. However, under a fair reading of the allegations in the complaint, Plaintiff also alleges that Defendants also targeted her because of her alliance with other individuals, particularly Casey, who opposed what they believed to be Defendants' practices of illegal patronage and nepotism within the Head Start program. Complaint, ¶¶ 1, 22, 40.

These allegations sufficiently state a claim for a First Amendment violation of the right to freely associate. In Owens v. Rush, 654 F.2d 1370, 1379 (10th Cir. 1981), a husband was allowed to pursue a First Amendment retaliation claim based on free association, alleging that the sheriff's department fired him because he assisted his wife in filing a sex discrimination claim against the department. The Tenth Circuit noted that husband had a constitutional right to associate and assist his wife in her cause and to be free from unconstitutional retaliation for doing so. 654 F.2d at 1379 n. 11. Defendants distinguish Owens from the instant case by pointing out that the husband's participation in the EEOC charge was protected under the First Amendment. However, Plaintiff's association here was an alliance with other individuals who either opposed Defendants' practices or who, like Casey, assisted in the investigation and reporting of these practices. Thus, the nature of Plaintiff's association with these individuals still comes within the protection of the First Amendment's right to freely associate.

Plaintiff alleges that Castellano accused her of bringing people together "against his political advancement." Pltff's Ex. 1 at 124:3-4. Regardless of whether Castellano's accusation was true, this type of association would also be constitutionally protected, since First Amendment protection extends to an individual's right *not* to support her employer.[3] Berry v. Bailey, 726 F.2d 670 (11th Cir.1984) (a public employee who positively asserts the right not to speak when ordered to support his employer is within the protection of the First Amendment). Accordingly, Plaintiff has sufficiently asserted a violation of her right of free association protected by the First Amendment.

### III.    Whether Defendants Are Entitled to Qualified Immunity

Having satisfied the threshold inquiry in a qualified immunity analysis, the next question is whether the law was clearly established. Defendants argue that the particular type of association alleged by Plaintiff was not envisioned as protected by the First Amendment at the time the Defendants' alleged conduct occurred. A plaintiff need not present an identical case to show the law was clearly established. Instead, a plaintiff must show only that the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Horstkoetter v. Dep't of Pub. Safety, 159 F.3d 1265, 1278 (10th Cir.1998)(quoting Anderson, 483 U.S. at 640); Roska et al v. Peterson et al., 328 F.3d 1230 (10th Cir. 2003) (on rehearing) ("Although earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding").

---

[3] Neither party is contending that political affiliation of any kind is required for Plaintiff's employment.

9

The cases included in the Court's discussion of whether Plaintiff has alleged a constitutional violation were decided prior to 2002-2003, when the underlying incidents occurred in this case. Defendants as public officials are generally held to have constructive knowledge of established law. Cannon v. City & County of Denver, 998 F.2d 867, 874 n. 6 (10th Cir.1993). Based on those cases, it should have been clear to Defendants that the First Amendment prohibited punishing or retaliating against Plaintiff because of her association, support or alliance with Casey and other women who opposed Defendants' perceived illegal practices.

## IV.     Lifting the Stay

On September 26, 2005, the Court entered a stay on discovery pending Court's ruling on pending motions which have raised the qualified immunity defense. See Doc. 48. With the Court's disposition of this motion to dismiss, the last of such pending motions have been addressed. Thus, the stay on discovery is hereby lifted.

This case is set for trial on June 5, 2006, on the Court's trailing docket. Doc. 55. Within ten (10) working days of the entry of this Opinion and Order, the parties shall notify the Court whether further discovery should commence and new scheduling deadlines are required. If the Court is not so notified, the Court will assume the trial setting is confirmed, and that no further discovery and no further dispositive motions will be filed in this case.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss,[4] filed by Defendants Arguello, Vigil, Garcia, Marquez, Castellano and Adams **(Doc. 57)** is hereby DENIED as described above;

**IT IS FURTHER ORDERED** that the stay on discovery is hereby LIFTED;

---

[4] The Court acknowledges that the motion has been converted to a summary judgment motion.

10

**IT IS FINALLY ORDERED** that within **ten (10)** working days of the entry of this Opinion and Order, the parties shall notify the Court whether they require further discovery and new scheduling deadlines. If the Court is not so notified, the Court will assume the trial setting is confirmed, and that no further discovery and no further dispositive motions will be filed in this case.

_____
UNITED STATES DISTRICT JUDGE